UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NELSON R HERRERA, an individual;<br>NENEBETH T HERRERA, an individual,<br><br>      Plaintiffs,<br><br>  v.<br><br>COUNTRYWIDE KB HOME LOANS, A<br>COUNTRYWIDE MORTGAGE VENTURES,<br>LLC, a Delaware Limited Liability Corporation;<br>BAC HOME LOAN SERVICING, LP, a<br>Business Entity, form unknown; CITYBANK,<br>N.A.; RECONTRUST COMPANY, a Business<br>Entity, form unknown; MORTGAGE<br>ELECTRONIC REGISTRATION SYSTEMS,<br>INC., a Delaware Corporation; and DOES 1<br>through 50, inclusive,<br><br>      Defendants. | Case No.: 5:11-cv-03591-LHK<br><br>ORDER GRANTING IN PART<br>DEFENDANTS' MOTION TO DISMISS<br>WITH PREJUDICE AND REMANDING |

  Defendants Bank of America, N.A., successor-by-merger to Countrywide Mortgage Ventures, LLC (erroneously sued as "Countrywide KB Home Loans, a Countrywide Mortgage Ventures, LLC") ("Countrywide"), and successor-by-merger to BAC Home Loans Servicing, LP (erroneously sued as "BAC Home Loan Servicing, LP") ("BAC"); ReconTrust Company, N.A. ("ReconTrust"); Mortgage Electronic Registration Systems, Inc. ("MERS") ("Moving Defendants"); joined by Defendant Citibank, N.A. ("Citibank"), move pursuant to Federal Rule of

1

Civil Procedure 12(b)(6) to dismiss all twenty-nine claims for relief in Plaintiffs Nelson R. Herrera and Nenebeth T. Herrera's ("Plaintiffs") Complaint on the grounds that the Complaint: (1) is barred under res judicata, and (2) fails to state a claim upon which relief can be granted. *See* ECF No. 6 ("Mot."). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument and VACATES the hearing and case management conference scheduled for April 12, 2012. Having considered the parties' submissions and the relevant law, the Court GRANTS WITH PREJUDICE Defendants' motion to dismiss the federal claims asserted, all of which are barred by res judicata; and REMANDS the remaining state law claims to Santa Clara County Superior Court.

## I. BACKGROUND

### A. Facts

This action arises out of a residential mortgage transaction.[1] The relevant loan documents show that, on November 16, 2006, Plaintiffs signed a promissory note and entered into a loan agreement with lender Countrywide for $564,461, secured by a Deed of Trust on real property

---

[1] In connection with the motion to dismiss, Defendants request that the Court take judicial notice of, *inter alia*, the following documents: (1) Deed of Trust, signed by Plaintiffs and dated November 16, 2006, recorded in the official records of Santa Clara County as document number 19201729 on November 28, 2006 (Request for Judicial Notice ("RJN"), Ex. E); (2) Notice of Default and Election to Sell Under Deed of Trust, recorded in the official records of Santa Clara County as document number 20168502 on March 13, 2009 (RJN Ex. F); (3) Corporation Assignment of Deed of Trust/Mortgage, recorded in the official records of Santa Clara County as document number 21149688 on April 18, 2011 (RJN Ex. G). *See* ECF No. 6. Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the Complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, Exhibits E through G are documents referenced in the Complaint, as well as records filed with the county recorder, of which courts routinely take judicial notice. *See, e.g.*, *Liebelt v. Quality Loan Serv. Corp.*, No. 09-cv-05867, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011) (Koh, J); *Reynolds v. Applegate*, No. C 10-04427, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb. 14, 2011) (Breyer, J.); *Giordano v. Wachovia Mortg., FSB*, No. 10-cv-04661, 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011) (Fogel, J.). Plaintiffs have not filed any opposition to the Request for Judicial Notice. The Court finds that Exhibits E through G may properly be judicially noticed under Federal Rule of Evidence 201(b) and accordingly GRANTS Defendants' request as to these exhibits.

located at 341 Rayos Del Sol Drive, San Jose, CA, Plaintiffs' principal residence.  *See* Compl. ¶¶ 8, 17, 22, 33; RJN Ex. E.  The Deed of Trust names ReconTrust as the Trustee and MERS as the Beneficiary.  Compl. ¶¶ 11, 13; RJN Ex. E.  BAC serviced the loan.  Compl. ¶ 9.

Plaintiffs later defaulted on their loan, after which Moving Defendants instituted non-judicial foreclosure proceedings.  *See* Compl. ¶¶ 11, 118, 222, 283-84.  A Notice of Default and Election to Sell Under Deed of Trust was recorded by ReconTrust on March 13, 2009.  Compl. ¶ 11; RJN Ex. F.  On April 12, 2011, Citibank, as trustee for the Certificateholders of Bear Stearns Alt-A Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1, was assigned MERS' beneficial interest under the Deed of Trust.  *See* RJN Ex. G.

### B. Prior Proceedings

On March 10, 2010, Plaintiffs, proceeding *pro se*, filed a complaint against Moving Defendants in Santa Clara County Superior Court, alleging twenty-one causes of action ("*Herrera I*").  *See* RJN Ex. A.[2]  Moving Defendants removed the case to federal court on March 3, 2010, and filed a motion to dismiss.  The Honorable Jeremy Fogel dismissed with prejudice Plaintiffs' RESPA claim and TILA claim for rescission, but granted leave to amend solely as to Plaintiffs'

---

[2] Defendants also request that the Court take judicial notice of, *inter alia*, the following documents: (1) the complaint filed in Santa Clara County Superior Court by Plaintiffs in an earlier action against Moving Defendants, entitled *Nelson R. Herrera and Nenebeth T. Herrera v. Countrywide KB Home Loans aka Countrywide Mortgage Ventures, LLC, et al.*, Case Number 110CV161549, on January 15, 2010 (RJN Ex. A); (2) Order Granting Defendants' Motion to Dismiss, With Leave to Amend in Part, entered by the Court in the United States District Court, Northern District of California, entitled *Nelson R. Herrera and Nenebeth T. Herrera v. Countrywide KB Home Loans aka Countrywide Mortgage Ventures LLC, et al.,* Case Number 5:10-cv-00902-LHK, on May 4, 2010 (RJN Ex. B); (3) Order Granting with Prejudice Defendants' Motion to Dismiss First Amended Complaint as to the Remaining Federal Claim, dated and filed September 8, 2010 (RJN Ex. C); and (4) Order of Dismissal, entered by the Court in the Superior Court of California, County of Santa Clara, entitled *Nelson R. Herrera and Nenebeth T. Herrera v. Countrywide KB Home Loans aka Countrywide Mortgage Ventures, LLC, et al.*, Case Number 110 CV161549 on May 12, 2011 (RJN Ex. D).  Exhibits A through D are all documents filed in a prior suit that forms the basis for Defendants' res judicata argument for dismissal.  To determine whether to grant a motion to dismiss on res judicata grounds, judicial notice may be taken of a prior judgment and other court records.  *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state court decisions and related filed briefs for purposes of determining prior judgment's preclusive effect).  The Court finds that Exhibits A through D may properly be judicially noticed under Federal Rule of Evidence 201(b) and accordingly GRANTS Defendants' request as to these exhibits.

TILA claim for damages. *See* RJN Ex. B. Plaintiffs filed an amended complaint on June 3, 2010, and Moving Defendants again moved to dismiss all twenty-one claims. After the case was reassigned to the undersigned, this Court dismissed with prejudice Plaintiffs' only remaining federal claim, the TILA claim for damages, and remanded the remaining state law claims to Santa Clara County Superior Court on September 8, 2010. *See* RJN Ex. C. Following remand, Plaintiffs' state action was dismissed without prejudice on May 12, 2011, for failure to appear at a hearing. *See* RJN Ex. D.

### C. The Instant Proceeding

On June 2, 2011, Plaintiffs filed a new Complaint in Santa Clara County Superior Court, asserting twenty-nine state and federal causes of action against the same defendants named in *Herrera I*, but adding Citibank as an additional defendant. *See* ECF No. 1. Plaintiffs' federal claims are for violations of: (1) the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*; (2) TILA's implementing regulations, 12 C.F.R. § 226.23(a)(3); (3) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*; (4) RESPA's implementing regulations, 24 C.F.R. § 3500.10; (5) § 221(b) of the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"), 15 U.S.C. §§ 1681 *et seq.*; and (6) the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1639 *et seq.*

On July 21, 2011, Defendants removed the action to this Court based on federal question jurisdiction. On July 27, 2011, Defendants brought the motion to dismiss now before the Court. *See* ECF No. 6. On January 3, 2012, Plaintiffs filed their opposition to the motion to dismiss, *see* ECF No. 24, and Defendants filed a reply on January 31, 2012, *see* ECF No. 29.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

4

Case No.: 5:11-cv-03591-LHK
ORDER GRANTING IN PART MOTION TO DISMISS AND REMANDING

unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Moreover, pro se pleadings are to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365, (1982) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Nonetheless, the Court need not accept as true allegations contradicted by judicially noticeable facts, and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir.), *cert. denied*, 516 U.S. 964 (1995); *see also Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Nor is the Court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted); *accord Iqbal*, 129 S. Ct. at 1950.

If a court grants a motion to dismiss, it must determine whether leave to amend should be granted. Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), leave to amend may be denied if the moving party has acted in bad faith, or if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Amendment would be futile if "'the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)).

### III. DISCUSSION

Defendants move to dismiss the federal claims as barred by the doctrine of res judicata. Defendants further move to dismiss the Complaint in its entirety for failure to state a claim upon

5
Case No.: 5:11-cv-03591-LHK
ORDER GRANTING IN PART MOTION TO DISMISS AND REMANDING

which relief can be granted. The Court will first consider whether *Herrera I* precludes Plaintiffs' federal causes of action asserted here.

### A.   Res Judicata

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised *or could have been raised* in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added); *accord Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata is applicable whenever there is: "(1) an identity of claims[;] (2) a final judgment on the merits[;] and (3) identity or privity between parties." *W. Radio Servs. Co.*, 123 F.3d at 1192 (citing *Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971)). Here, with respect to Plaintiffs' federal claims, all three requirements for res judicata are met.

#### 1.   Identity of Claims

First, the Court considers whether there is identity between the federal claims brought in the instant Complaint and those that were or could have been raised in *Herrera I*. In *Herrera I*, Plaintiffs asserted claims for damages and rescission under TILA and RESPA. *See* RJN Ex. A. Plaintiffs' fifth (TILA), ninth (TILA's implementing regulations), twenty-first (RESPA), and tenth (RESPA's implementing regulations) claims are therefore identical to the claims in the first action. However, Plaintiffs also assert new federal causes of action not pled in *Herrera I*. The eleventh cause of action alleges that Defendants failed to disclose Plaintiffs' credit scores prior to approving the loan, in violation of FACTA § 221(b). The twenty-eighth cause of action alleges wrongful foreclosure based, in part, on a bare assertion of Defendants' violation of HOEPA.

Although Plaintiffs did not assert claims under FACTA and HOEPA in the first action, "[u]nder federal law [a Plaintiff] does not avoid the bar of res judicata merely because he now alleges conduct [by Defendants] not alleged in his prior suit, nor because he has pleaded a new legal theory." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). "Rather, the crucial question is whether appellant has stated in the instant suit a cause of action different from those raised in his first suit." *Id.* To determine whether successive actions involve the same cause of action, courts consider four factors:

6

Case No.: 5:11-cv-03591-LHK
ORDER GRANTING IN PART MOTION TO DISMISS AND REMANDING

> '(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'

*Id.* at 1201-02 (quoting *Harris v. Jacobs,* 621 F.2d 341, 343 (9th Cir. 1980)). The last of these four factors is the most important in determining whether there is an identity of claims between the two actions. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quoting *Costantini*, 681 F.2d at 1201). Indeed, satisfaction of the fourth *Costantini* factor alone is often sufficient to find an identity of claims for res judicata purposes without analysis of the other factors. *See Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (citing cases finding successive claims barred by res judicata based solely on analysis of the fourth factor).

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* at 1429 (internal quotation marks omitted). If the harm alleged in the successive complaint arose at the same time as the harm alleged in the previous action, "then there [is] no reason why the plaintiff could not have brought the claim in the first action. The plaintiff simply could have added a claim to the complaint." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("[I]dentity of claims exists when two suits arise from the same transactional nucleus of facts. Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims *could have been brought* in the earlier action." (internal quotation marks omitted) (emphasis added)).

Here, the Court finds the Plaintiffs' new federal claims arise from the same "transactional nucleus of facts" as the prior action. Plaintiffs' new FACTA and HOEPA claims relate to origination of the same loan for the same property and the same foreclosure proceeding at issue in *Herrera I*. Furthermore, all conduct alleged in the Complaint stems from the same transactional nucleus of facts that occurred prior to Plaintiffs' filing of the first action, and therefore could have been brought in the earlier suit. In addition, the two suits involve infringement of the same primary

right against wrongful foreclosure and deceptive practices in the origination and servicing of a loan alleged in the previous action. Finally, adjudication of the new claims turns on substantially the same evidence as adjudication of the previous action. Even if the new federal claims would require the introduction of some different evidence, the mere "fact that some different evidence may be presented in this action . . . does not defeat the bar of res judicata." *Int'l Union of Operating Eng'rs*, 994 F.2d at 1430.

The Court concludes that the federal claims asserted here are based on the same nucleus of facts at issue in *Herrera I*, and thus they all could have been brought in that prior action. Accordingly, the Court finds an identity of claims, satisfying the first requirement for res judicata.

### 2.     Final Judgment on the Merits

Next, the Court determines whether the first action resulted in a final judgment on the merits. In *Herrera I*, all of Plaintiffs' federal claims were dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* RJN Exs. B, C. Such a dismissal constitutes a final judgment on the merits for claim preclusion purposes. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" (citations omitted)). Thus, the second requirement for res judicata is also satisfied.

### 3.     Identity or Privity Between Parties

Finally, the Court must consider whether there is identity or privity of parties in the two actions. With the exception of Citibank, all parties to this action are identical to the parties in the first action, *Herrera I*. The Court therefore need only determine whether there is privity between Citibank and any of the other Defendants.

Privity may exist, even when the parties are not identical, if "there is a substantial identity between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra Pres. Council*, 322 F.3d at 1081 (citation omitted); *see also Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n. 3 (9th Cir. 2002) (finding privity when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the

8

Case No.: 5:11-cv-03591-LHK
ORDER GRANTING IN PART MOTION TO DISMISS AND REMANDING

subject matter involved") (citation omitted). "Nonparty preclusion may be based on a pre-existing substantive legal relationship between the person to be bound and a party to the judgment, *e.g.*, assignee and assignor." *Taylor v. Sturgell*, 553 U.S. 880, 881 (2008); *see also In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) ("[A] non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party.").

The recorded documents show that Citibank, as trustee for the Certificateholders of Bear Stearns Alt-A Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1, was assigned MERS' beneficial interest under the Deed of Trust on April 12, 2011. RJN Ex. G. As Citibank is assigned the same beneficial interest in the Deed of Trust that MERS already successfully defended in *Herrera I*, the Court agrees with Defendants that Citibank is in privity with MERS, who was a Defendant in the first action. *See* Reply at 2.

All three requirements of res judicata being met, the Court accordingly GRANTS Defendants' motion to dismiss all of Plaintiffs' federal causes of action on the basis of claim preclusion. Because amendment of these claims would be futile, the dismissal is with prejudice.

### B. Failure to State a Claim

Defendants argue that Plaintiffs' remaining state law claims should also be dismissed for failure to state a claim upon which relief can be granted. However, Plaintiffs' federal claims provide the sole basis for federal subject matter jurisdiction here. While federal courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," *id.* § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because the Court dismisses with prejudice all of Plaintiffs' federal claims as barred by res judicata, the Court declines to exercise supplemental jurisdiction over the

remaining state law claims and instead remands them to the state court for consideration in the first instance.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS WITH PREJUDICE Defendants' motion to dismiss as to all of Plaintiff's federal claims for relief, specifically those based on alleged violations of (1) the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*; (2) TILA's implementing regulations, 12 C.F.R. §§ 226, *et seq.*; (3) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*; (4) RESPA's implementing regulations, 24 C.F.R. § 3500.10; (5) § 221(b) of the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"), 15 U.S.C. §§ 1681 *et seq.*; and (6) the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1639 *et seq.* The case is REMANDED to the Superior Court for Santa Clara County for consideration of Plaintiffs' state law claims. The Clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: March 15, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge